13 CV 7421 (KPF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOBBY WHITE,

                                                                 Plaintiff,

-against-

THE CITY OF NEW YORK and MARLENE OCASIO,

                                                               Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION TO DISMISS THE COMPLAINT AS AGAINST IT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street-Room 3-197*
*New York, N.Y.  10007*

*Of Counsel:  Aimee Lulich*
*Tel:  (212) 356-2369*
*Matter No. 2013-050656*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 1

STANDARD OF REVIEW .................................................................................................... 2

ARGUMENT

    POINT I

        PLAINTIFF HAS FAILED TO PLEAD A PLAUSIBLE MONELL CLAIM ...............................................................3

        A.    Plaintiff Has Failed to Plead Any Facts to Suggest that the City Failed to Train or Discipline Defendant Ocasio .............................................6

        B.    Plaintiff has Failed to Plead Any Facts to Allege a Pattern of Failing to Train or Discipline Correction Officers ..........................................7

        C.    To the Extent Plaintiff Intended To Allege a "Widespread Policy or Custom" Other Than a Failure to Train or Discipline, He Has Plead No Facts to Support Such a Claim ........................................9

    POINT II

        THE CITY OF NEW YORK CANNOT BE LIABLE UNDER § 1983 ON A THEORY OF RESPONDEAT SUPERIOR .....................................................................10

    POINT III

        ANY CLAIMS UNDER STATE LAW FAIL AS A MATTER OF LAW ...............................................................................10

CONCLUSION.................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases** **Pages**

Allen v. City of New York,
   480 F. Supp. 2d 689 (2d Cir. 2007),
   adopted, 480 F. Supp. 2d 689 (S.D.N.Y. 2007)........................................................................ 8

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ................................................................................................................ 3

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ................................................................................................................ 3

Bennerson v. City of New York, Department of Corr.,
   No. 02 Civ. 10182 (RWS), 2004 U.S. Dist. LEXIS 7241 (S.D.N.Y. April 28, 2004) .............. 5

Board of County Commissioners v. Brown,
   520 U.S. 397 (1997) ................................................................................................................ 7

Brodeur v. City of New York,
   No. 99 Civ. 661 (WP), 2002 U.S. Dist. LEXIS 4500 (S.D.N.Y. Mar. 18, 2002) ..................... 5

Bryant v. City of N.Y.,
   590 N.Y.S.2d 913 (N.Y. App. Div. 2d Dep't 1992) .............................................................. 11

City of Canton v. Harris,
   489 U.S. 378 (1989) ......................................................................................................... 4, 6, 9

Connick v. Thompson,
   131 S. Ct. 1350 (2011) ............................................................................................................ 7

Davidson v. Flynn,
   32 F.3d 27 (2d Cir. 1994) ........................................................................................................ 3

Delrosario v. City of New York,
   No. 07 Civ. 2027 (RJS), 2010 U.S. Dist. LEXIS 20923 (S.D.N.Y. Mar. 4, 2010) .................. 8

Dwares v. City of New York,
   985 F.2d 94 (2d Cir. 1993) ...................................................................................................... 5

Fincher v. County of Westchester,
   979 F. Supp. 989 (S.D.N.Y. 1997) ........................................................................................ 11

Garcia v. Bloomberg,
   No. 11 Civ. 6957 (JSR) 2012 U.S. Dist. LEXIS 79296 (S.D.N.Y. June 7, 2012) .................... 8

George v. Burton,
   No. 00 Civ. 143 (NRB), 2001 U.S. Dist. LEXIS 24 (S.D.N.Y. Jan. 4, 2001) ......................... 5

**Cases**           **Pages**

Grandon v. Merrill Lynch & Co.,
   147 F.3d 184 (2d Cir. 1998) ................................................................................................ 2-3

Green v. City of New York,
   465 F.3d 65 (2d Cir. 2006) ...................................................................................................... 9

Madonna v. United States,
   878 F.2d 62 (2d Cir. 1989) ...................................................................................................... 3

Monell v. Department of Social Services,
   436 U.S. 658 (1978) .................................................................................................... 4, 8, 10

Nagle v. Marron,
   663 F.3d 100 (2d Cir. 2011) ............................................................................................ 4, 10

Oklahoma City v. Tuttle,
   471 U.S. 808 (1985) ........................................................................................................ 4, 10

Reynolds v. Giuliani,
   506 F.3d 183 (2d Cir. 2007) .................................................................................................. 9

Simms v. City of New York,
   480 Fed. Appx. 627 (2d Cir. 2012) ....................................................................................... 8

Urena v. City of New York,
   633 N.Y.S.2d 391 (N.Y. App. Div. 2d Dep't 1992) ............................................................ 11

Vippolis v. Cillage of Haverstraw,
   768 F.2d 40 (2d Cir. 1985),
   cert. denied, 480 U.S. 916 (1987) ...................................................................................... 4-5

Wiltshire v. Williams,
   No. 10 Civ. 6947 (RWS), 2012 U.S. Dist. LEXIS 36119 (S.D.N.Y. March 15, 2012) ............ 6

**Statutes**

42 U.S.C. §1983 ................................................................................................................ 2, 4, 6, 10

Federal Rule of Civil Procedure 12(b)(6) .............................................................................. 1, 2

N.Y. Gen. Mun. Law § 50 ...................................................................................................... 11

N.Y. Gen. Mun. Law § 50-e(1)(a) ......................................................................................... 11

N.Y. Gen. Mun. Law § 50-i(1) ............................................................................................... 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BOBBY WHITE,

                                       Plaintiff,    13 CIV. 7421 (KPF)

            -against-

THE CITY OF NEW YORK & MARLENE OCASIO,

                                     Defendants.
------------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION TO DISMISS THE COMPLAINT AS AGAINST IT**

## PRELIMINARY STATEMENT

Defendant City of New York, by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submits this memorandum of law in support of its motion to dismiss the Second Amended Complaint (hereinafter "Complaint"), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim against the City of New York.

## STATEMENT OF FACTS

Plaintiff Bobby White filed the original complaint in this action on or about October 21, 2013, naming former Correction Officer Marlene Ocasio as a defendant. Thereafter, it was determined that Ms. Ocasio is not eligible for representation by the Office of the Corporation Counsel under § 50(k)(2) of the General Municipal Law. On August 21, 2014, plaintiff amended the complaint to name the City of New York as a defendant. Defendant City of New York then notified the Court, plaintiff, and defendant Ocasio that the City intended to move to dismiss the Amended Complaint, and the parties participated in pre-motion conferences on October 2nd and October 24, 2014. Plaintiff filed the Second Amended Complaint on

November 7, 2014, bringing claims against the City of New York pursuant to 42 U.S.C. § 1983. See Second Amended Complaint at ¶¶ 30 – 37, annexed as Exhibit "A" to the Declaration of Aimee K. Lulich, dated December 19, 2014 ("Lulich Decl.")  In the Second Amended Complaint, plaintiff brings a "Monell" claim against the City, see ¶¶ 36 – 61, and also appears to claim that the City subjected him to excessive force, denial of medical care, and denial of equal protection under the law, see ¶¶ 30 – 35.  The City of New York now moves to dismiss the claims against defendant City for failure to state a claim for relief.

The following facts are taken from the Second Amended Complaint.  Plaintiff Bobby White brings claims of, *inter alia*, excessive force, "summary punishment," denial of medical care, and denial of equal protection under the law.  Second Amended Complaint, Lulich Decl., Exh. "A" at ¶¶ 31 – 34.  The allegations arise from an interaction between plaintiff and defendant Ocasio on September 28, 2013, while plaintiff was incarcerated at the George Motchan Detention Center ("GMDC") on Riker's Island, and defendant Ocasio was employed as a correction officer. Id. at ¶¶ 11 – 12. Plaintiff alleges that defendant Ocasio "sprayed a chemical agent on plaintiff while he was in his cell" and "slammed a metal door on plaintiff's hand." Id. at ¶ 13.  Plaintiff further states that the New York City Department of Correction ("DOC") conducted an investigation into plaintiff's allegations, and that the investigator recommended that defendant Ocasio be issued disciplinary charges and retraining. Id. at ¶¶ 17 – 18 & Exhibit I.

## STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is required to accept the facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving party's favor.  See Grandon v. Merrill

2

Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Davidson v. Flynn, 32 F.3d 27, 29 (2d Cir. 1994) (citing Madonna v. United States, 878 F.2d 62, 65 (2d Cir. 1989)).

A complaint must nevertheless "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (citations and quotations omitted).

The Supreme Court in Iqbal set forth a "two-pronged" approach for analyzing a motion to dismiss.  Id.  First, a court should "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id.  Once the court has stripped away the conclusory allegations, it must determine whether the complaint's "well-pleaded factual allegations . . . plausibly give rise to an entitlement to relief."  Id.  In making its evaluation, a court must undertake a "context-specific task" that requires it to draw on its judicial experience and common sense. Id. at 679.  Where the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint must be dismissed.  Id. at 678–79.  ("only a complaint that states a plausible claim for relief survives a motion to dismiss").

## ARGUMENT

### POINT I

**PLAINTIFF HAS FAILED TO PLEAD A PLAUSIBLE MONELL CLAIM**

Plaintiff brings a claim of municipal liability pursuant to § 1983 against the City of New York. Second Amended Complaint, Lulich Decl., Ex. "A", at ¶¶ 36 – 61. A municipality

3

can only be held liable under § 1983 in the manner set forth in Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), and its progeny. Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Nagle v. Marron, 663 F.3d 100, 116 (2d Cir. 2011). In order to maintain a Monell claim, the plaintiff must plead facts that, if proven, would establish that their Constitutional rights were violated and that the "violation of rights resulted from the 'government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" Nagle, 663 F.3d at 116 (quoting Monell, 436 U.S. at 694). For the purposes of this motion, the City does not address plaintiff's claims against defendant Marlene Ocasio. However, even if the plaintiff has stated a claim against Ms. Ocasio, he has failed to plead a plausible claim against the City, and his complaint must be dismissed as against the City of New York.

A municipality may not be held liable under § 1983 on the basis of *respondeat superior*. Monell, 436 U.S. at 694–95. In order to prevail on a § 1983 claim against a municipality, a plaintiff must show that the municipality *itself* caused the alleged Constitutional deprivation. City of Canton v. Harris, 489 U.S. 378, 385 (1989). Plaintiff must therefore establish that an identified municipal policy or practice was the "moving force [behind] the constitutional violation." Monell, 436 U.S. at 694. Accordingly, in order to state a Monell claim, "[t]he plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries . . . Second, the plaintiff must establish a causal connection -- an "affirmative link" -- between the policy and deprivation of his constitutional rights." Vippolis , 768 F.2d at 44 (citing Tuttle, 471 U.S. at 824 n.8). The Second Circuit has acknowledged that Monell and Tuttle create a high threshold for pleading a municipal liability claim. Vippolis v. Cillage of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985),

4

cert. denied, 480 U.S. 916 (1987). Plaintiff fails to adequately plead the existence of any municipal policy or custom, let alone a plausible "affirmative link" between a municipal policy and plaintiff's alleged injuries.

A municipal policy or custom for purposes of Monell liability can be established one of four ways: (1) alleging a formal policy officially endorsed by the municipality; (2) alleging actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) alleging a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) alleging a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees. Bennerson v. City of N.Y., Dep't of Corr., No. 02 Civ. 10182 (RWS), 2004 U.S. Dist. LEXIS 7241, at *11–12 (S.D.N.Y. April 28, 2004).

Further, at the pleading stage, the Second Circuit has held that "the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) (overruled on other grounds); see also Brodeur v. City of New York, No. 99 Civ. 661 (WP), 2002 U.S. Dist. LEXIS 4500, at *7 (S.D.N.Y. Mar. 18, 2002) (court dismissing complaint against City where complaint "flatly asserts a policy but contains no factual allegations sufficient to establish a municipal policy or custom"); George v. Burton, No. 00 Civ. 143 (NRB), 2001 U.S. Dist. LEXIS 24, at **5–6 (S.D.N.Y. Jan. 4, 2001) (dismissing complaint with prejudice where plaintiff "failed to proffer any facts in his complaint from which we can infer such a pattern or practice").

Here, plaintiff attempts to establish municipal liability under the 4th theory, failure to train or supervise to such an extent that it amounts to deliberate indifference. Plaintiff alleges that the City of New York has "failed to properly sanction or discipline officers including the defendant in this case, for violations of the constitutional rights of inmates…" and "failed to sanction or discipline officers including the defendant in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other officers…" Second Amended Complaint, Lulich Decl., Exh. "A" at ¶¶ 36 – 37. Such allegations, by themselves, do not state a claim for Monell liability. Wiltshire v. Williams, No. 10 Civ. 6947 (RWS), 2012 U.S. Dist. LEXIS 36119, at *35–36 (S.D.N.Y. March 15, 2012) ("baldly asserting that Plaintiff's injuries are the result of the City's policies does not show this Court what the policy is or how that policy subjected Plaintiff to suffer the denial of a constitutional right.") (quotations and citations omitted). Rather, plaintiff must support these allegations by facts, and establish an "affirmative link" between the alleged failure to train or discipline and plaintiff's specific injury. Plaintiff has failed to plead any facts to support the contention that the City failed to train or supervise, or to establish an "affirmative link" between the alleged failure and Ms. Ocasio's alleged actions. In fact, plaintiff's allegations regarding Ms. Ocasio's actions demonstrate the opposite of plaintiff's failure to train or supervise theory.

A.  **Plaintiff Has Failed to Plead Any Facts to Suggest that the City Failed to Train or Discipline Defendant Ocasio**

Plaintiff has failed to allege a sufficient pattern that would put policymakers on notice of the need for more or better training or discipline. "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." City of Canton v. Harris, 489 U.S. 378, 389 (U.S. 1989). The alleged

6

deficiency in a city's training program must be closely related to the injury at issue in order for municipal liability to attach. Id. at 391. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 131 S. Ct. 1350, 1360 (2011) (quoting Board of County Commissioners v. Brown, 520 U.S. 397, 410 (1997)).

Here, plaintiff has not identified any alleged deficiency in training, instruction or discipline, and, thus, has not pled a failure to train or discipline claim under Monell. Of particular note in the instant matter, the facts pled in the complaint run directly counter to any contention that there is a failure to train or supervise correction officers. An investigation *was* conducted by DOC staff, disciplinary charges against the correction officer *were* issued, and further training *was* recommended. Plaintiff himself pointed to the investigation and its recommendations in support of his allegations against Ms. Ocasio. Id. at ¶¶ 17 – 19. The facts of this matter weaken any argument that there is a pervasive failure to investigate, discipline, or train correction officers, and certainly indicate that there was no such failure to train or discipline the defendant correction officer. Thus, plaintiff's alleged Monell claim fails because he did not plead a policy, practice or custom of the City of New York, nor an "affirmative link" between a municipal policy and the plaintiff's purported injuries.

B.  **Plaintiff has Failed to Plead Any Facts to Allege a Pattern of Failing to Train or Discipline Correction Officers**

Even if plaintiff had identified a particular deficiency in the training or discipline of defendant Ocasio, he still has not pled any pattern of similar constitutional violations. Plaintiff cites to civil lawsuits, and newspaper and tabloid articles, including articles covering a report promulgated by the United States Department of Justice, which is quoted at length, in apparent support of the Monell claim. None of these allegations are facts that support an

7

inference of municipal liability. As an initial matter, the articles, report, and cases cited by plaintiff do not allege a failure to train or discipline, and, thus, do not support the theory upon which plaintiff attempts to allege municipal liability. Rather, the cases, newspaper articles, and report cited by plaintiffs contain a wide variety of alleged misconduct, bearing little to no resemblance or connection to one another or the facts of the instant case. See Second Amended Compl., Lulich Decl., Exh. "A" at ¶¶ 40 – 60. "The breadth with which plaintiffs define the alleged policy underscores its implausibility." Garcia v. Bloomberg, No. 11 Civ. 6957 (JSR) 2012 U.S. Dist. LEXIS 79296, at *33 (S.D.N.Y. June 7, 2012).

With regard to the first type of purported factual support, it is clear that allegations made in other civil lawsuits cannot be taken as facts for the purpose of supporting any widespread custom. "All that the Complaint's reference to the other action establishes is that other individuals have plausibly alleged that they experienced similar violations of their constitutional rights as allege[d] here, not that those violations actually occurred." Simms v. City of New York, 480 Fed. Appx. 627, 630 (2d Cir. 2012). The mere fact that other people have filed lawsuits alleging different types of correction officer misconduct, whether or not those lawsuits have been settled, does not support the existence of any widespread custom, let alone a failure to train or discipline.

Second, courts have repeatedly refused to accept newspaper articles as facts in support of Monell Claims. See, e.g., Delrosario v. City of New York, No. 07 Civ. 2027 (RJS), 2010 U.S. Dist. LEXIS 20923, at *18-19 (S.D.N.Y. Mar. 4, 2010); Allen v. City of New York, 480 F. Supp. 2d 689, 720 (2d Cir. 2007), adopted, 480 F. Supp. 2d 689 (S.D.N.Y. 2007). Moreover, the events described in the news articles bear no resemblance to plaintiff's contentions against Ms. Ocasio.

8

Third, plaintiff cites portions of a Department of Justice ("DOJ") finding and a quote by a Legal Aid Attorney, which were apparently also obtained from newspaper articles. Id. at ¶¶ 40 – 43.  Again, the cited episodes of force bear no resemblance whatsoever to the alleged injury at issue in this matter.  Id.

As discussed above, plaintiff's citations to civil lawsuits and factually disparate descriptions of other alleged events do not provide the factual support necessary to maintain a municipal liability claim.  In particular, the cases and reports cited by plaintiff fail to support any allegation of a pattern of similar violations.

C. **To the Extent Plaintiff Intended To Allege a "Widespread Policy or Custom" Other Than a Failure to Train or Discipline, He Has Plead No Facts to Support Such a Claim**

The Complaint specifically alleges that the City failed to discipline or train correction officers, however, as discussed in Point I.B, *supra*, plaintiff included facts that appear to allege a purported widespread custom or practice related to force.  To the extent that plaintiff's allegations could be construed under the 3rd theory of municipal liability, he has failed to plead facts that plausibly allege any "widespread policy or custom" of the City of New York.

"A section 1983 action may be maintained based on a practice that was so persistent or widespread as to constitute a custom or usage with the force of law." Green v. City of New York, 465 F.3d 65, 80 (2d Cir. 2006) (citations omitted).  "Monell's policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions." Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (citations omitted).  In order to establish the claim, plaintiffs must plead and prove "deliberate indifference" by policymakers – a "stringent" standard of fault.  Id. (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)).  For the reasons discussed in Points I.A & B, *supra*,

9

plaintiff sets forth no actual facts supporting a claim of a "custom or practice," or of policymakers' deliberate indifference to such a practice.

Plaintiff's citations to newspaper articles, the DOJ report, and other civil lawsuits are not acceptable as facts to support a Monell claim for the reasons discussed above. Similiarly, as outlined in Point I.A, *supra*, the events at issue were investigated, and discipline and training were recommended, refuting any allegations that the City of New York was indifferent. Thus, plaintiff cannot demonstrate that the City "acquiesced in or tacitly authorized … unlawful actions" and any claim based upon the theory of a widespread policy or custom of the City of New York must be dismissed.

## POINT II

### THE CITY OF NEW YORK CANNOT BE LIABLE UNDER § 1983 ON A THEORY OF RESPONDEAT SUPERIOR

Plaintiff alleges that the "Defendants," which include only Ms. Ocasio and the City of New York, deprived him of his Constitutional rights "[b]y assaulting plaintiff, … and using excessive force". To the extent plaintiff intends this to state a claim other than a Monell claim, no such claim exists. A Monell claim is the only claim under which a municipality can be held liable under § 1983. Tuttle, 471 U.S. at 824 n.8; Nagle, 663 F.3d at 116. Further, a municipality may not be held liable under § 1983 on the basis of *respondeat superior*. Monell, 436 U.S. at 694–95.

## POINT III

### ANY CLAIMS UNDER STATE LAW FAIL AS A MATTER OF LAW

Finally, any attempt to amend the complaint to include claims against the City of New York under New York State law would be futile, because plaintiff failed to file a Notice of

Claim. To the extent plaintiff attempts to bring claims under New York State law against the City of New York, such claims are barred by plaintiff's failure to file a Notice of Claim as required by New York General Municipal Law § 50. N.Y. Gen. Mun. L. § 50-i(1), (Consol. 2001), provides that "[n]o action . . . shall be prosecuted or maintained against the city . . . or any employee . . . unless a notice of claim shall have been made and served upon the city." A notice of claim against a public corporation in New York must be served "within ninety days after the claim arises." N.Y. Gen. Mun. Law § 50-e(1)(a). Further, Federal courts recognize that a plaintiff alleging a pendent state tort claim must comply with New York's notice of claim rules. See Fincher v. County of Westchester, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997) (notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action). The failure to comply with this condition precedent is grounds for dismissal of any state claims. Urena v. City of New York, 633 N.Y.S.2d 391, 391 (N.Y. App. Div. 2d Dep't 1992); Bryant v. City of N.Y., 590 N.Y.S.2d 913, 914 (N.Y. App. Div. 2d Dep't 1992).

Here, plaintiff did not file a Notice of Claim related to any of the allegations in the complaint. Thus, any attempt to amend the complaint to bring claims under state law against the City of New York would be futile.

## **CONCLUSION**

For the foregoing reasons, defendant City of New York respectfully requests that this Court grant its motion to dismiss the Complaint as against it, and deny the relief requested therein, together with such other and further relief as this Court deems just and proper.

Dated:	New York, New York
	December 19, 2014

                                        Zachary W. Carter
                                        Corporation Counsel
                                           of the City of New York
                                        *Attorney for Defendant City of New York*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-2369

                                        By:  _____/S/_____
                                            Aimee K. Lulich
                                            Assistant Corporation Counsel
                                            Special Federal Litigation Division


cc:	Paul Hale, Esq.
	*Attorney for Plaintiff*
	26 Court Street, Suite 913
	Brooklyn, New York 11242

	*Gregory* Laufer, Esq.
	Paul, Weiss, Rifkind, Wharton & Garrison LLP
	*Attorneys for Defendant Marlene Ocasio*
	1285 Avenue of the Americas
	New York, New York 10019-6064

13 Civ. 7421 (KPF)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| BOBBY WHITE,<br><br>                                                                        Plaintiff,<br><br>                              -against-<br><br>THE CITY OF NEW YORK & MARLENE OCASIO,<br><br>                                                                        Defendants. |
| **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION TO DISMISS THE COMPLAINT AS AGAINST IT** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street Room 3-197*<br>*New York, N.Y.  10007*<br><br>*Of Counsel: Aimee Lulich*<br>*Tel:  (212) 356-2369*<br>*Matter No.: 2013-050656* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ......................................................................................, 2013......*<br><br> *................................................................................................................ , Esq.*<br><br>*Attorney for ...............................................................................................................* |