UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          CASE No.:     1:13-cv-7421 (KPF)
----------------------------------------------------------------

BOBBY WHITE

                Plaintiff,
       -against-


THE CITY OF NEW YORK &
MARLENE OCASIO

              Defendant(s)

----------------------------------------------------------------


**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF
NEW YORK MOTION TO DISMISS THE COMPLAINT**

TABLE OF CONTENTS

PRELIMINARY STATEMENT                                             1

STANDARD OF REVIEW                                               1

PLAINTIFF STATES A §1983 CLAIM AGAINST THE CITY                  2

DISMISSAL AND OR SUMMARY JUDGMENT IS IMPROPER
WHERE PLAINTIFF HAS NOT HAD THE
OPPORTUNITY TO CONDUCT DISCOVERY.                                7

CONCLUSION                                                        8

<u>Statutes</u>

42 U.S.C. §1983  1
Federal Rules of Civil Procedure 8 and 9  2
Rule 12©  1


<u>Cases</u>

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250(1986)  7
Bennerson v. City of N.Y.. Dep't of Cotl, No. 02 Civ. 10182 (RWS), 2004 U.S. Dist. LEXIS 7241, at * 11—1  3
Brodeur v. City of New York, No. 99 Civ. 661 (WP), 2002 U.S. Dist. LEXIS 4500, at *7 (S.D.N.Y. Mar. 18,  5
Celotex Corp. v. Catrett, 477 U.S. 317, 318(1986)  8
DiSorbo v. Hoy 343 F.3d 172, 180-81 (2d Cir. 2003)  3
Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)  5
George v. Burton, No. 00 Civ. 143 (NRB), 2001 U.S. Dist. LEXIS 24, at **5-6 (S.D.N.Y. Jan. 4, 2001)  5
Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006)  1
McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999)  3
Monell v. Department of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978)  2
Nunez v. City of New 11-cv-5845-LTS-JCF (S.D.N.Y)  3
Pinaud v. County of Suffolk, 52 F.3d 1139 (2nd Cir. 1995)
Program Engineering, Inc. v. Triangle Publications, Inc., 634 F.2d 1188,1193(9th Cir. 1980)  8
Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994)  2
Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002)  2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          CASE No.:     1:13-cv-7421 (KPF)
----------------------------------------------------------------

BOBBY WHITE

                          Plaintiff,
                -against-


THE CITY OF NEW YORK &
MARLENE OCASIO

                          Defendant(s)

----------------------------------------------------------------


**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF
NEW YORK MOTION TO DISMISS THE COMPLAINT**


## PRELIMINARY STATEMENT


Plaintiff's action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Eighth and

Fourteenth Amendment of the United States Constitution. Plaintiff seeks redress for the violation

of his rights under the laws and Constitution of the United States, as well as State of New York

for Defendants' conduct stemming from events on September 28, 2013 while plaintiff was

incarcerated at George Motchan Detention Center on Rikers Island.

## STANDARD OF REVIEW


Pursuant to Rule 12(c), a court must "assess the legal feasibility of the complaint, but

may not weigh the evidence that might be offered to support it."  Global Network Commc'ns,

Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006).  When a federal court reviews the

sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions,

its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002).  Whether a complaint entitles a plaintiff to offer evidence is necessarily informed by the pleading rules described in Federal Rules of Civil Procedure 8 and 9.  Id. at 512-14.

The district court is required to accept the material allegations in the complaint as true. "In deciding a Rule 12(c) motion, ... [the] court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-movant; [the court] should not dismiss the complaint "'unless it appears beyond all doubt that the plaintiff can prove *no* set of facts in support of his [or her] claim which would entitle him [or her] to relief.'"' Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).   (Emphasis added).

## PLAINTIFF STATES A §1983 CLAIM AGAINST THE CITY

An actionable claim under Section 1983 against a county or municipality depends on a harm stemming from the municipality's "policy and custom". Monell v. Department of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978), and a cause of action against a municipality does not necessarily accrue upon the occurrence of a harmful act, but only later when it is clear, or should have been clear, that the harmful act is the consequences of a county "policy or custom." Pinaud v. County of Suffolk, 52 F.3d 1139 (2nd Cir. 1995).

A municipal policy or custom for purposes of Monell liability can be established one of four ways: (1) alleging a formal policy officially endorsed by the municipality; (2) alleging actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) alleging a practice so consistent and widespread

that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) alleging a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees. Bennerson v. City of N.Y.. Dep't of COTL, NO. 02 Civ. 10182 (RWS), 2004 U.S. Dist. LEXIS 7241, at * 11—12 (S.D.N.Y. April 28, 2004).

On a motion to dismiss, the court is obliged to view the facts in the light most favorable to the non-movant.  Whatever insufficiency the court may find in Plaintiff's amended complaint can be cured.  The Court must read the pleadings "liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999). The court need not conclude that Defendants violated Plaintiff's constitutional rights, only that, by his complaint, Plaintiff is entitled to prove that Defendants have failed to train officers in the lawful manner in which to receive and verify complaints alleging crimes or were deliberately indifferent to their behavior. Monell liability may spring from a single violation, as long as the conduct causing the violation was undertaken pursuant to a City-wide custom, practice, or procedure. See, e.g.,DiSorbo v. Hoy, 343 F.3d 172, 180-81 (2d Cir. 2003) (city liable under Monell for excessive force in simultaneous arrest of two sisters).

The Defendants' conduct pled shows a policy and practice that not only condones, but encourages illegal behavior by their officers.  Therefore, it is improper to dismiss a Monell claim prior to discovery or an enlightenment of the reasons for Defendants' conduct.

It should be noted that the United States Department of Justice has concluded with the above assertions.  On December 11, 2014 the United States Department of Justice filed a PROPOSED COMPLAINT-IN-INTERVENTION in the case of Nunez v. City of New 11-cv-5845-LTS-JCF (S.D.N.Y).   This COMPLAINT-IN-INTERVENTION was accepted unopposed

on 12/23/2014.  COMPLAINT-IN-INTERVENTION Attached as Exhibit A.  It should be noted

that the same allegations that the defense is disputing are acquiesced to in the COMPLAINT-IN-

INTERVENTION.  The COMPLAINT-IN-INTERVENTION states in part:

> The United States sent Defendants a findings letter on August 4,
> 2014 ("Findings Letter") that set forth the unconstitutional conditions
> at the jails where the Subject Inmates are housed and **concluded that**
> **there was a pattern and practice of conduct at Rikers that**
> **violated the constitutional rights of the Subject Inmates**. In
> particular, the Findings Letter asserted that DOC frequently subjects
> the Subject Inmates to the excessive and unnecessary use of force,
> fails to adequately protect the Subject Inmates from violence inflicted
> by other inmates, and places the Subject Inmates in punitive
> segregation at an alarming rate and for excessive periods of time.
> The Findings Letter notified the Defendants of the minimum
> measures the United States believes may remedy the
> unconstitutional conditions. The Findings Letter is appended to this
> Complaint-in-Intervention as Exhibit [B] and is incorporated by
> reference herein. (Emphasis added)

> The Constitution requires Defendants to protect inmates from the use
> of excessive and unnecessary force by staff as well as violence
> inflicted by other inmates. Defendants have failed to take minimum
> reasonable measures to fulfill this fundamental responsibility, and for
> several years have been deliberately indifferent to the obvious and
> substantial risk of harm to the Subject Inmates resulting from staff
> use of force and inmate-on-inmate violence.   As a result of
> Defendants' systemic and widespread pattern, practice, and custom of
> utilizing unnecessary and excessive force, the Subject Inmates have
> sustained serious injuries in violation of their rights under the Eighth
> and Fourteenth Amendments of the Constitution.

> The Subject Inmates face pervasive violence at Rikers and are at
> constant risk of physical harm during their incarceration. DOC staff
> have routinely used force unnecessarily as a means to control the
> population and punish disobedient or disrespectful inmates. Even
> when some level of force is necessary, the force used is often
> disproportionate to the risk posed by the inmate. In addition, inmate-
> on-inmate fights and assaults are commonplace.

> Staff use force against the Subject Inmates with alarming frequency.
> According to DOC data, in FY 2014, there were 553 reported staff
> use of force incidents involving the Subject Inmates in RNDC and
> EMTC, resulting in 1,088 injuries. There were 565 reported staff use
> of force incidents in FY 2013 (resulting in 1,057 injuries), and 517

4

incidents in FY 2012 (resulting in 1,059 injuries). In addition, 308 (or 43.7%) of the 705 Subject Inmates in custody as of October 30, 2012, had been subjected to use of force by staff on at least one occasion.

The actual use of force numbers are likely even higher than DOC's data suggest because many incidents go unreported. As discussed *infra,* correction officers often do not accurately report incidents, and warn inmates to "hold it down" (code for "don't report what happened") or otherwise pressure them not to report use of force incidents.

The Subject Inmates have sustained injuries at a staggering rate. For instance, during the period April 2012 through April 2013, the Subject Inmates sustained a total of 754 visible injuries, according to data maintained by the Department of Health and Mental Health, which is responsible for providing medical services to inmates at Rikers. The prevalence of head injuries is particularly striking. From June 2012 through early July 2013, the Subject Inmates suffered a total of 239 head injuries, and were twice as likely to sustain such injuries as was the adult population.

Bone fractures are common as well. The Subject Inmates housed in RNDC and EMTC suffered a total of 96 suspected fractures from September 2011 through August 2012, according to DOHMH data. In addition, during FY 2013, the Subject Inmates were taken to an urgent care facility for emergency medical services 459 times.

During the first half of 2012, 55% of the Subject Inmates brought to the RNDC medical clinic after a use of force incident had a verifiable injury. This represented a higher rate than any other Rikers housing facility, taking into account inmate population. Even more concerning, 48% of those injuries were to the inmate's head or face, including fractures, contusions, and lacerations.

As can be seen in the Department of Justice's findings, there are not allegations of misconduct, but a conclusion that misconduct is so widespread it was found to be a policy of indifference.  The defense relies on numerous cases that state, "the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) (overruled on other grounds); see also Brodeur v. City of New

York, No. 99 Civ. 661 (WP), 2002 U.S. Dist. LEXIS 4500, at *7 (S.D.N.Y. Mar. 18, 2002) (court dismissing complaint against City where complaint "flatly asserts a policy but contains no factual allegations sufficient to establish a municipal policy or custom"); George v. Burton, No. 00 Civ. 143 (NRB), 2001 U.S. Dist. LEXIS 24, at **5-6 (S.D.N.Y. Jan. 4, 2001) (dismissing complaint with prejudice where plaintiff "failed to proffer any facts in his complaint from which we can infer such a pattern or practice").

The defense further claims that the facts surrounding Mr. White's case are not reflected in the Justice Department findings.  Defendant Ocasio claims that Mr. White was verbally taunting and posed a threat to her despite the fact he was locked in a cell.   The Department of Justice's found that the unwarranted and excessive responses to verbal insults was a widespread occurrence on Riker's Island.  "DOC staff unnecessarily employ abusive physical force when confronted with verbal taunts and insults, noncompliant inmates, and inmate complaints, even though no safety or security threat exists.  Due to their poor training and inexperience, correction officers lack adequate conflict resolution and de-escalation skills, which are particularly important when interacting with volatile inmates. When Subject Inmates talk back to an officer or make a derogatory remark, DOC staff frequently escalate the disagreement into a physical confrontation instead of exercising patience and seeking to de-escalate the situation. As a result, force is needlessly applied and the Subject Inmates suffer preventable injuries."   This is exactly what was plead and alleged to have happened to Mr. White.

As can be seen from the Department of Justice's findings, which are heavily alluded to in The Amended Complaint at issue, there is more than a mere circumstantial inference to culpability.   Indeed both the Amended Complaint at issue and the Department of Justice's

findings rely on hard facts that have been thoroughly documented.  Moreover, the Department of Justice came to the conclusion that there was a policy and practice of deliberate indifference to constitutional violations taking place at Rikers Island.  If the United States Department of Justice can conclude that there is <u>Monell</u> liability than certainty it being plead it in an Amended Complaint survives a motion to dismiss under Rule 12(b).

Lastly, just because Defendant Ocasio was indeed disciplined in Mr. White's case, that does not mean the widespread abuse and violence on Rikers Island did not lead up to the assault on Mr. White.

## <u>DISMISSAL AND OR SUMMARY JUDGMENT IS IMPROPER WHERE PLAINTIFF HAS NOT HAD THE OPPORTUNITY TO CONDUCT DISCOVERY</u>

Plaintiff requests the opportunity to conduct additional discovery to determine what the Defendant's 1) thought, 2) observed, and 3) said during each incident, as well as, 4) what their orders and commands were.   Plaintiff submits that pursuant to <u>Anderson v. Liberty Lobby, Inc.,</u> 477 U.S. 242, 250(1986), this information is essential to his opposition.

Generally where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be showed before the trial court rules on a motion for summary judgment.   <u>See Program Engineering, Inc. v. Triangle Publications, Inc.,</u> 634 F.2d 1188,1193(9th Cir. 1980).   Rule 56(f) grants courts substantial discretion to award the non-movant extra time to obtain information needed to defeat summary judgment.   The Supreme Court has held that "any potential problem with such premature motions can adequately be dealt with under Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has

not had an opportunity to make full discovery." <u>See Celotex Corp. v. Catrett</u>, 477 U.S. 317, 318(1986).

Plaintiff seeks an opportunity to discover and determine what the Defendant's 1) thought, 2) observed, and 3) said during each incident, as well as, 4) what their orders and commands were. In light of the relief sought by the defendants, there is clearly a need for discovery in this case.

Additionally, plaintiff seeks leave to file a third amended complaint to address any pleading deficiencies the court may find.

<u>**CONCLUSION**</u>

Therefore, it is respectfully submitted that defendants' motion be denied in its entirety and plaintiff granted an opportunity to amend the complaint if necessary.

Dated: 1/19/2015
Brooklyn, New York

Respectfully Submitted
_____/s/_____
By:     Paul Hale, Esq.
26 Court St. Ste 913
Brooklyn, NY 11242
(718) 554-7344